# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE U.S. GOVERNMENT, et al.,<br><br>　　　　　　Defendants. | Case No. CV 16-8010-VAP (JEM)<br><br>**ORDER TO SHOW CAUSE** |

On October 27, 2016, Plaintiff Seavon Pierce lodged a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint"), along with a request to proceed in forma pauperis ("IFP Request"). The Court has recommended to the District Judge that the IFP Request be denied because the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, and leave to amend would be futile.

As set forth more fully below, Pierce is far from a first-time litigant in this Court. Rather, he has previously filed at least fifteen actions in the Central District since 2012 raising claims similar to those advanced in the instant Complaint. Each of these actions has been meritless and resolved against him, and it is clear that, going forward, Pierce will continue to abuse the judicial process and consume this Court's time and resources with frivolous litigation.

Accordingly, the Court finds that it is appropriate to warn Pierce that he may be deemed a vexatious litigant. This Order places Pierce on notice that the Court is considering a vexatious litigant order that will impose pre-filing conditions upon him before he may file any future complaint, IFP application, or habeas petition with this Court.

## I.   APPLICABLE LAW REGARDING VEXATIOUS LITIGANTS

"Federal courts can 'regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.'" Ringgold-Lockhart v. County of Los Angeles, 761 F.3d 1057, 1061 (9th Cir. 2014) (quoting De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990). "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.3d at 1148; see also Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting De Long). However, because restricting access to the courts is a "serious matter," Ringgold-Lockhart, 761 F.3d at 1061, district courts should enter a pre-filing order only after a "cautious review of the pertinent circumstances. Molski, 500 F.3d at 1057.

Local Rule 83-8.2 governs vexatious litigant determinations in the Central District. It provides:

> On its own motion or on motion of a party, after opportunity to be heard, the Court may, at any time, order a party to give security in such amount as the Court determines to be appropriate to secure the payment of any costs, sanctions or other amounts which may be awarded against a vexatious litigant, and may make such other orders as are appropriate to control the conduct of a vexatious litigant. Such orders may include, without limitation, a directive to the Clerk not to accept further filings from the litigant without payment of normal filing fees and/or without written authorization from a judge of the Court or a Magistrate Judge, issued upon such showing of the evidence supporting the claim as the judge may require.

Local Rule 83-8.2. "Any order issued under [Local Rule]. 83-8.2 shall be based on a finding that the litigant to whom the order is issued has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." Local Rule 83-8.3; see also DeLong v. Hennessey, 912 F.2d at 1147 (To support a vexatious litigant finding, "[a]t the least, the records needs to show, in some manner, that the litigant's activities were numerous or abusive.").

In making a vexatious litigant finding, a district court must "comply with certain procedural and substantive requirements" set forth by the Ninth Circuit before imposing pre-filing restrictions. Ringgold-Lockhart, 761 F.3d at 1062.

> First, the litigant must be given notice and a chance to be heard before the order is entered. Second, the district court must compile an adequate record for review. Third, the district court must make substantive findings about the frivolous or harassing nature of the plaintiff's litigation. Finally, the vexatious litigant order must be narrowly tailored to closely fit the specific vice encountered.

De Long, 912 F.2d at 1147-48 (internal quotations and citations omitted).

While the first two requirements are procedural, the latter two are substantive, and a "separate set of considerations" may provide a "'helpful framework'" in "'applying the two substantive factors.'" Ringgold-Lockhart, 761 F.3d at 1062 (quoting Molski, 500 F.3d at 1058). These substantive considerations are:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

Molski, 500 F.3d at 1058 (quoting Safir v. U.S. Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986)). According to the Ninth Circuit, "[t]he final consideration – whether other remedies 'would be

adequate to protect the courts and other parties' is particularly important."  Ringgold-Lockhart, 761 F.3d at 1062.

The Court addresses these factors below.

## II. DISCUSSION

### A. Notice and Opportunity to Be Heard

The Court hereby notifies Pierce that it is considering a vexatious litigant order for the reasons set forth in this Order.  As discussed below, Pierce must file a written response within **fourteen (14) days** of the date of this Order.

### B. An Adequate Record for Review

Pierce has filed numerous unsuccessful actions in this Court since 2012, including: (1) Seavon Pierce v. The U.S. Government, CV 16-7556-VAP (JEM); (2) Seavon Pierce v. United States Congress, CV 16-7301-VAP (JEM); (3) Seavon Pierce v. United States Congress, CV 16-6332-VAP (JEM); (4) Seavon Pierce v. United States Congress, CV 16-5933-VAP (JEM); (5) Seavon Pierce v. John E. McDermott, CV 16-5393-R (SS); (6) Seavon Pierce v. President Barack Obama, CV 16-5387-VAP (JEM); (7) Seavon Pierce v. John E. McDermott, CV 16-4756-DSF (SS); (8) Seavon Pierce v. President Barack Obama, CV 15-3163-VAP (CW); (9) Seavon Pierce v. President Barack Obama, CV 15-1068-VAP (CW); (10) Seavon Pierce v. Barack Obama, EDCV 13-2213-VAP (CW); (11) Seavon Pierce v. Barack Obama, EDCV 14-1003-VAP (CW); (12) Seavon Pierce v. Lancaster State Prison, CV 13-8126-UA (CW); (13) Seavon Pierce v. Warden of Lancaster, CV 13-1939-UA (CW); (14) Seavon Pierce v. California State, CV 12-9211-UA (CW); (15) Seavon Pierce v. Scott McEwen, CV 12-8240-UA (CW).

### C. Substantive Findings About the Frivolous or Harassing Nature of Pierce's Litigation

Pierce's previous filings are both numerous and meritless.  Given the sheer quantity of Pierce's filings, it would be unduly burdensome to address the specifics of each action.  However, the dockets for each of the cases listed above readily demonstrate that each was dismissed as frivolous, malicious, and/or for failure to state a claim upon which relief may be

4

granted. The filings are rambling, confusing, mostly unintelligible, and contain no clear claim for relief. They are also largely duplicative and repetitive. The following examples adequately demonstrate the frivolous and harassing nature of Pierce's litigation:

<u>Seavon Pierce v. U. S. Congress</u>, CV 16-7301-VAP (JEM); <u>Seavon Pierce v. United States Congress</u>, CV 16-6332-VAP (JEM); <u>Seavon Pierce v. United States Congress</u>, CV 16-5933-VAP (JEM): Plaintiff sued the United States Congress and various Federal and State agencies and officials for, *inter alia*, preventing him from obtaining counsel, falsifying public records, and involving prisoners' family members in an "informant program." He also purported to bring the action on behalf of himself and numerous news organizations and attorneys. Plaintiff's request to proceed without prepayment of filing fees was denied because the complaint failed to state a claim and no amendment could cure the complaint's defects. The action was dismissed with prejudice.

<u>Seavon Pierce v. President Barack Obama</u>, CV 16-5387-VAP (JEM): Plaintiff named a variety of defendants, including President Obama, several current and former State and Federal legislators and other elected and appointed officials, various government agencies, and Lancaster State Prison. He also purported to bring the action on behalf of himself and numerous news organizations, attorneys, and non-government and government organizations. Plaintiff claimed, *inter alia*, that defendants illegally conspired with each other and with unidentified federal judges to prevent him from obtaining counsel and reporting wrongdoing to the press. He also claimed defendants engaged the families of prisoners to interfere with prisoners' legal matters. Plaintiff's request to proceed without prepayment of filing fees was denied because the complaint failed to state a claim and no amendment could cure the complaint's defects. The action was dismissed with prejudice.

These cases easily satisfy the "substantive considerations" identified by the Ninth Circuit. They reflect a broad pattern of frivolous and/or harassing litigation that Pierce has initiated in this Court. Pierce could not have had an "objective good faith expectation of prevailing" as the Court has repeatedly explained to Pierce that these claims are meritless.

While Pierce's pro se status is a mitigating factor in this analysis, it does not outweigh the burden on the Court that addressing Pierce's numerous meritless actions has involved.

Accordingly, the Court's substantive findings concerning Pierce's previous filings weigh strongly in favor of limiting his ability to engage in future frivolous litigation.

### D. A Narrowly Tailored Vexatious Litigant Order

A pre-filing injunction is appropriate where a plaintiff's complaints are not only numerous, but also patently without merit. Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990) ("[A pre-filing] injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit."). Pierce has demonstrated a pattern of filing frivolous lawsuits against a variety of defendants. See De Long, 912 F.2d at 1147. Thus, an order preventing Pierce from filing any future complaints against any defendant, without court permission, is appropriate in this situation.

If Pierce is found to be a vexatious litigant, this Court will recommend that a pre-filing order be issued requiring Pierce to obtain leave of court before filing any IFP application, complaint, or habeas petition. Pierce will have to submit a copy of the Court's vexatious litigant order and a copy of the proposed filing with any motion seeking leave of court to file a new action or any document in a case that is closed and final.

### ORDER TO SHOW CAUSE

In accordance with the foregoing, Plaintiff Seavon Pierce is ORDERED TO SHOW CAUSE why the Court should not deem him a vexatious litigant in light of his repeated filing of frivolous actions.

If Pierce objects to being declared a vexatious litigant, he shall file a response to this Order to Show Cause **within fourteen (14) days** of the date of this Order and shall present any grounds he may have to controvert the Court's above findings.

IT IS SO ORDERED.

Date: November 7, 2016                    */s/ John E. McDermott*
                                          JOHN E. MCDERMOTT
                                          UNITED STATES MAGISTRATE JUDGE

6